Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff

JERNEJ FURMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERNEJ FURMAN,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN BULLION, INC.,<br><br>    Defendant. | Civil Action No. 2:25-cv-08558<br><br>**COMPLAINT** |

Plaintiff Jernej Furman ("Plaintiff") sues defendant American Bullion, Inc. ("Defendant"), and alleges as follows:

### THE PARTIES

1.  Plaintiff is an individual who is a citizen of Slovenia.

2. Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business located at 12301 Wilshire Boulevard, Suite 305, Los Angeles, CA 90025. Defendant's agent for service of process is Richard Warren, 12150 Hartsook Street, Valley Village, CA 91607.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir.

2010)).

# FACTS

## I.    Plaintiff's Business

6.    Plaintiff is a professional photographer who specializes in lifestyle photography for social media platforms, advertising, adventure travel, and beyond.

7.    Plaintiff's photographs have been published on various prominent websites including National Geographic Travel, CNN Travel, Time Magazine, and The Telegraph.

## II.    The Work at Issue in this Lawsuit

8.    Plaintiff created a professional photograph titled "Inflation text on calculator screen on the hundred dollars bills" (the "Work"). A copy of the Work is displayed below:



9. The Work was registered by Plaintiff with the Register of Copyrights on September 11, 2020 and was assigned Registration No. VA 2-216-099. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

10. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendant's Unlawful Activities

11. Defendant owns and operates a brokerage firm that specializes in converting an existing IRA, former 401(k), or other qualified retirement plan to gold or other precious metals. Defendant also offers a wide array of precious metal coins and bars for cash purchase.

12. Defendant advertises/markets its business through its website (at https://www.americanbullion.com/), social media (e.g. https://www.facebook.com/AmericanBullion/, https://x.com/americanbullion), and other forms of advertising.

13. On July 4, 2022 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, social media, and/or print media as a means of advertising, promoting, and/or marketing its business (at https://www.americanbullion.com/how-does-inflation-affect-silver--prices/):

**What is Inflation?**

Many professionals have an excellent understanding of inflation and how it impacts the economy. However, understanding the actual origins and impacts of inflation doesn't hurt, does it? To begin, inflation is defined as a loss of buying power. Money will buy less during inflationary periods. This can be extremely frustrating for people who spend a significant portion of their money on necessities like food and gasoline. Economic woes might worsen during periods of inflation, leading to long-term volatility.

Inflation can be defined as an increase in the price of practically everything and depreciation of the currency. This assumption is based on natural economic phenomena. In an ideal world, these price rises would lead to an increase in labor pay, which could partially cover the cost increases and maintain people's high standard of life.

Unfortunately, we do not live in a perfect world, and increased living costs sometimes have a detrimental impact on a person's spending power when salaries cannot keep up. Hyperinflation may prevent a person from buying the goods and/or services they previously enjoyed.

**Why is Inflation Dangerous?**

Inflation is especially damaging since it makes many basic items expensive for the poor and major expenditures expensive for the middle class. Food and gasoline prices, for example, might grow by double digits. As a result, the poor could only afford a limited amount of food. Interest rates on housing and vehicle loans can swiftly soar for the

14. A true and correct copy of screenshots of Defendant's website, webpage, social media, and/or print media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

15. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, social media, print media, or for any other purpose – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

16. Defendant utilized the Work for commercial use.

17. Upon information and belief, Defendant located a copy of the Work

on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

18. Through his ongoing diligent efforts to identify the unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in June 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

19. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

20. Plaintiff re-alleges and incorporates paragraphs 1 through 19 as set forth above.

21. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

22. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

23. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, social media, and/or print media.

24. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

25. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

26. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright © 2018 American Bullion, Inc. is a Registered Trademark. All Rights Reserved."), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright ©

2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

27. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

28. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

29. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed

proper by the Court.

30. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

31. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff his costs pursuant to 17 U.S.C. § 505 and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

DATED: September 10, 2025.            **COPYCAT LEGAL PLLC**


By: /s/ Lauren M. Hausman
    Lauren M. Hausman, Esq.
    Attorney for Plaintiff
    Jernej Furman